

Ironside Newark
110 Edison Place, Suite 302
Newark, New Jersey 07102
Tel: 973.690.5400 Fax: 973.466.2761
www.rwmlegal.com

June 30, 2023

**VIA ECF**

Hon. Michael E. Farbiarz, U.S.D.J.
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

>  Re: *Ham v. Novartis International AG, et al.*,
>  **Civil Action No. 23-03503 (MEF) (MAH)**

Dear Judge Farbiarz:

This firm, along with Kirkland & Ellis LLP, represents Novartis in the above-captioned litigation. We write in response to Plaintiff Cynthia Ham's June 29, 2023 letter, in which Plaintiff improperly attempts to address—without filing a formal motion—the propriety of Novartis's removal of this matter to federal court pursuant to 28 U.S.C. §§ 1441 and 1446.

As set out in the Notice of Removal, Novartis sought to remove this case based on federal question jurisdiction, given that Ms. Ham's complaint clearly implicated ERISA and was thus subject to complete preemption. Notice of Removal (ECF No. 1). One day after receiving Novartis' removal notice, Plaintiff amended her complaint to delete nearly two dozen allegations involving her ERISA long-term disability benefits, interference with these ERISA benefits, and retaliation for exercising these ERISA benefits. In her letter, Plaintiff now unilaterally declares that Novartis's motion for remand is "therefor [sic] moot." June 29, 2023 Letter from J. Messina to Court (ECF No. 5).

As an initial matter, Novartis respectfully submits that this self-serving letter brief is entirely inappropriate, not the proper vehicle to dispute federal question jurisdiction, and contrary to the spirit of the District of New Jersey Local Rules. *See* D.N.J. Civ. R. 7.1(b) & (d); *see also* Lite, N.J. Federal Practice Rules, Comment 3 to L. Civ. R. 7.1 (GANN 2023) ("[T]he court will not address an issue where the party has failed to file a formal motion on the specific ground"). Rather, under federal law, the proper mechanism to seek to remand a case back to state court is by filing a motion for remand. 28 U.S.C. § 1447(c). And, importantly, the question of remand is not now "moot." Rather, the question of removal is decided based on "the pleadings, *as of the time the petition for removal is filed*." *Allen v. Rite-Aid, Inc.*, 1991 WL 148272, at *1 (E.D. Pa. July 30, 1991) (emphasis added).

What is more, deletion of numerous allegations regarding ERISA-benefits does not cure the problem—it only *adds* to it. As the Supreme Court has explained, "if the plaintiff has attempted



Hon. Michael E. Farbiarz, U.S.D.J.
June 30, 2023
Page 2

to manipulate the forum [by deleting allegations], the court should take this behavior into account" in determining whether remand is appropriate. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). As other courts denying remand in similar situations have reiterated: "[I]f jurisdiction is warranted on the face of a complaint a plaintiff ***cannot be permitted to contrive*** to defeat a defendant's right to remove the action to federal court." *Allen*, 1991 WL 148272 at *1 (emphasis added) (denying remand when plaintiff amended complaint one day after removal in an effort to eliminate federal jurisdiction).

      Here, like in *Allen*, manipulation of the complaint to avoid federal jurisdiction is not only undisputed—it is admitted. Letter from J. Messina to Court ("[T]he Amended Complaint excises any discussion of Ms. Ham's long-term or short-term disability benefits and makes it abundantly clear that Ms. Ham is not asserting any claims or allegations under ERISA."). ERISA is one of the few federal statutes singled out for special jurisdictional treatment: ***complete*** preemption. *Pascack Valley Hosp., Inc. v. Loc. 464 A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 399–400 (3d Cir. 2004) (ERISA is one of the few provisions with "extraordinary pre-emptive power"). To be subject to removal, Ms. Ham's Complaint need not bring a federal ERISA claim; rather, the complete preemption doctrine requires the Court to accept removal when the allegations demonstrate that the plaintiff could have brought an ERISA action. *See Wolman v. Petro Technik, Inc.*, 2011 WL 5082237, at *5 (D.N.J. Sept. 16, 2011). Plaintiff implicitly concedes that test was met by deleting nearly two dozen of her ERISA-based allegations. And even her pared-back complaint still meets ERISA's complete preemption test, as it claims retaliation for "obstructing her ability to return to work after her [ERISA] leave." Pl.'s. Amend. Compl. ¶ 151 (ECF No. 4). Put simply, this case was properly removed under ERISA's "complete" preemption doctrine based on the original complaint—and is all the more appropriate given plaintiffs' attempt to "manipulate the forum." *See Cohill*, 484 U.S. at 357; *Allen*, 1991 WL 148272, at *1.

      For these reasons, Novartis respectfully asks that the Court disregard Plaintiff's improper submission. If Plaintiff should submit a notice to remand, the parties should be permitted to fully brief the ERISA complete preemption issue as both the law and this Court's Local Rules contemplate. *See* 28 U.S.C. § 1447(c); D.N.J. Civ. R. 7.1.

      Respectfully submitted,

      s/ Justin T. Quinn
      Justin T. Quinn

cc:    All counsel of record (via ECF)